IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**STATE OF TENNESSEE v. SHUAN TERRELL MARSH**

**Appeal from the Circuit Court for Marshall County**
**No. 14-CR-63      Forest A. Durard, Jr., Judge**

_____

**No. M2015-00848-CCA-R3-CD – Filed February 29, 2016**

_____

The defendant, Shuan Terrell Marsh,[1] appeals his Marshall County Circuit Court jury conviction of third offense possession of a controlled substance, claiming that the evidence was insufficient to support his conviction. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Cynthia M. Fort, Nashville, Tennessee (on appeal and at trial); and Jay Norman, Nashville, Tennessee (at trial), for the appellant, Shuan Terrell Marsh.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Robert Carter, District Attorney General; and Andrew Lee Wright, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In August 2014, the Marshall County Circuit Court grand jury charged the defendant with one count of simple possession of marijuana. The trial court conducted a jury trial in February 2015.

The State's proof at trial showed that on the afternoon of March 15, 2014, Captain Bart Fagen with the Marshall County Sheriff's Department ("MCSD") stopped a Kia vehicle driven by the defendant because the vehicle "had a dark tinted tag cover over the tag." When Captain Fagen approached the defendant's vehicle to explain the

---

[1]    In the indictment, the defendant's first name is spelled "Shuan." Although it appears to be an erroneous spelling of the name "Shaun," nothing in the record indicates that the indictment was amended. As is the policy of the court, we utilize the spelling contained in the indictment.

violation, he recognized the smell of "burnt marijuana" emanating from the vehicle. Captain Fagen asked the defendant to step out of his vehicle and then inquired whether the defendant was in possession of any marijuana. The defendant responded that he had "a roach" or "a blunt" inside the middle console of the vehicle. The defendant then retrieved the object and handed it to Captain Fagen, who sealed it inside an evidence bag. Captain Fagen explained that the sealed evidence bag remained inside his patrol car from March 15 until July 29, at which time he gave the sealed bag to the MCSD evidence custodian, Jimmy Oliver.

Captain Fagen testified that another man occupied the front passenger seat of the defendant's vehicle, but he could not recall the man's name, and the man never claimed ownership of the marijuana.

Special Agent and forensic scientist Lela Jackson with the Tennessee Bureau of Investigation ("TBI") testified that she processed the "hand-rolled cigarette butt" she received from Captain Fagen and that her testing revealed that the substance was marijuana.

With this evidence, the State rested, and the defendant elected to testify.

The defendant testified that, when he was initially stopped on March 15, Captain Fagen mentioned nothing about the smell of marijuana. The defendant provided the officer with his license and registration, and Captain Fagen returned to his patrol car with those items. When Captain Fagen approached the defendant's vehicle to return the paperwork, he asked the defendant to step out of the vehicle, and, at that time, he "sa[id] something . . . about the smell of marijuana." The defendant denied reaching into the vehicle's console and producing a marijuana cigarette, and he denied ever smoking marijuana in his vehicle. The defendant did admit that he had smoked marijuana on prior occasions and that he smoked marijuana "[m]aybe once" during the week of the trial. The defendant conceded that he had signed the citation he received for possession of marijuana, but he insisted that he did not read the citation before signing it and that he believed it was simply a citation for the illegal tag cover.

Based on this evidence, the jury convicted the defendant as charged of simple possession of marijuana. Following subsequent deliberations, the jury found the defendant guilty of third offense possession of a controlled substance. The trial court then sentenced the defendant to serve three years and six months in the department of correction.

Following the denial of his timely motion for new trial, the defendant filed a timely notice of appeal. In this appeal, the defendant contends only that the evidence is insufficient to support his conviction. We disagree.

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

As charged in this case, "[i]t is an offense for a person to knowingly possess or casually exchange a controlled substance." T.C.A. § 39-17-418(a). Marijuana is classified as a Schedule VI controlled substance, *see* T.C.A. § 39-17-415(a)(1), and "[a] violation under this section is a Class E felony where the person has two (2) or more prior convictions under this section." T.C.A. § 39-17-418(e).

In the instant case, the proof at trial established that Captain Fagen, upon stopping the defendant for a traffic violation, detected the smell of marijuana inside the defendant's vehicle. When Captain Fagen asked the defendant if he was in possession of any marijuana, the defendant responded in the affirmative and provided Captain Fagen with a small cigarette butt which had been located inside the vehicle's console. Testing of this cigarette butt by the TBI revealed that it contained marijuana. Although the defendant denied ownership of the marijuana cigarette butt and denied providing the same to Captain Fagen, such matters of witness credibility and evidentiary weight are within the exclusive province of the trier of fact, and this court will not reweigh such evidence. *See Dorantes*, 331 S.W.3d at 379.

Viewing this evidence in the light most favorable to the prosecution, we hold that the evidence adduced at trial sufficiently established the defendant's conviction of third offense possession of a controlled substance.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE